UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| JAREL T. HAINES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-00245-SEB-DML |
| | ) | |
| JASON BLITON, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT
AND DIRECTING FURTHER PROCEEDINGS**

Jarel Haines is an inmate at Pendleton Correctional Facility. This action is based on Mr. Haines' allegations that he was denied a kosher diet while incarcerated at the Jennings County Jail in 2019.

The Defendant, Jason Bliton, seeks summary judgment on grounds that Mr. Haines failed to exhaust administrative remedies before filing this action. Because Mr. Bliton has not demonstrated that Mr. Haines failed to pursue administrative remedies that were available to him, the motion, dkt. [33], is **denied**.

**I. Legal Standards**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007). The Court views the facts in

the light most favorable to the non-moving party, and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

In accordance with Local Rule 56-1(f), the Court assumes that facts properly supported by the movant are admitted without controversy unless the nonmovant specifically disputes them. Likewise, the Court assumes that facts asserted by the non-movant are true so long as they are supported by admissible evidence. S.D. Ind. L.R. 56-1(f)(2).

On a motion for summary judgment, "[t]he applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Sys., Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to this motion for summary judgment is the Prison Litigation Reform Act (PLRA), which requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004).

As the movant, Mr. Bliton bears the burden of establishing that the administrative remedies upon which he relies were available to Mr. Haines. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it."). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake,* 136 S. Ct. 1850, 1858 (2016) (internal quotation omitted). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* at 1859 (internal quotation omitted).

## II. Facts

For purposes of this motion, the Court adopts the statement of material facts Mr. Bliton asserts in his brief:

> Plaintiff was incarcerated in the Jennings County Jail in June 2019. (*Affidavit of Jason Bliton,* ¶ 2). Bliton was the Jennings County Jail Commander. (*Affidavit of Jason Bliton,* ¶ 1). When Plaintiff was processed into the Jail on June 1, 2019, he indicated that he had no special dietary restrictions. (*Affidavit of Jason Bliton,* ¶ 3; Exhibit A-1). On June 19, Plaintiff requested a kosher diet. (*Affidavit of Jason Bliton,* ¶ 4; Exhibit A-2). The jail nurse requested documentation to support the religious affiliation which would require a kosher diet. (*Affidavit of Jason Bliton,* ¶ 5; Exhibit A-2). Plaintiff did not provide supporting documentation. (*Affidavit of Jason Bliton,* ¶ 6). Plaintiff made no further request regarding a kosher diet. (*Affidavit of Jason Bliton,* ¶¶ 7, 8). Defendant raised Plaintiff's failure to exhaust his administrative remedies as an affirmative defense in his Answer. (*Defendant's Answer to Plaintiff's Complaint*, Affirmative Defense #5).

Dkt. 34 at 1–2.

## III. Analysis

The crux of Mr. Bliton's motion for summary judgment is that Mr. Haines requested a kosher diet and failed to take further action after the nurse requested supporting documentation. However, Mr. Bliton has not presented any evidence that the Jail offered administrative remedies

in 2019—much less evidence showing what those remedies were or what Mr. Haines was required to do to exhaust those remedies.

Mr. Haines was only required to exhaust those administrative processes that were available to him. *Ross,* 136 S. Ct. at 1858–59. Mr. Bliton has failed to demonstrate that the Jail maintained an administrative process that required Mr. Haines to do more than request a kosher diet as described in Mr. Bliton's brief.

### IV. Conclusion and Further Proceedings

For the reasons discussed in Part III, Mr. Bliton's motion for summary judgment, dkt. [33], is **denied**. Indeed, having failed to present any evidence of an administrative remedy program, it does not appear that Mr. Bliton would be able to prove after an evidentiary hearing that Mr. Haines failed to take an action required by such a program. Therefore, the Court notifies Mr. Bliton that it intends to grant summary judgment in Mr. Haines' favor on the exhaustion defense. Mr. Bliton shall have **through October 28, 2020**, to respond to the Court's proposal and either (a) show cause why summary judgment should not be entered in Mr. Haines' favor, or (b) withdraw the affirmative defense of exhaustion.

**IT IS SO ORDERED.**

Date:   10/16/2020

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JAREL T. HAINES
933623
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Caren L. Pollack
POLLACK LAW FIRM, P.C.
cpollack@pollacklawpc.com